[Civ. No. 3848.  First Appellate District, Division One.—March 15, 1921.]

EMMETT W. McCONNELL, Petitioner, v. THE SUPE-RIOR COURT OF ALAMEDA COUNTY et al., Re-spondents.

[1] NEW TRIAL—IMPROPER AFFIDAVITS—INSUFFICIENT SPECIFICATIONS —CERTIORARI.—Where the trial court proceeds to determine a mo-tion for a new trial without having before it proper affidavits and in the absence of proper specifications of errors of law oc-curring at the trial, and with no specifications of the evidence claimed to be insufficient to justify the court's decision, the only result is an irregularity in the proceedings of that court which does not affect the jurisdiction conferred by section 657 et seq. of the Code of Civil Procedure to hear and determine the motion for a new trial, and such action is not reviewable by a writ of *certiorari.*

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of Alameda County granting a new trial.  J. J. Trabucco, Judge Presiding.  Writ de-nied.

The facts are stated in the opinion of the court.

Goldman & Altman for Petitioner.

THE COURT.—There has been filed in this matter what purports to be a verified petition for a writ of review. It appears therefrom that an action was heretofore com-menced in the superior court of the state of California in and for the county of Sonoma, wherein Christian Schlake, Jr., was plaintiff and Emmett W. McConnell, petitioner herein, was defendant, which cause was thereafter trans-ferred to the superior court of the state of California in and for Alameda County.  After trial by the court, findings of fact and conclusions of law were duly made, and judgment was entered thereon for the defendant.  The plaintiff in the action thereupon made a motion for a new trial upon all the statutory grounds, and served and filed his affidavits in support thereof.  The defendant, petitioner herein, opposed said motion and in support of his posi-

tion likewise filed an affidavit. Motion for a new trial was granted.

Thereupon the defendant, this petitioner, made a motion to vacate the order granting a new trial and for an order re-entering judgment in his favor. This motion was denied.

[1]   Petitioner now files in this court what purports to be a petition for writ of review, but which, in reality, appears to be an application for an order directing the lower court to show cause why the order granting a motion for a new trial in the cause should not be set aside and the court directed to re-enter judgment in favor of the defendant in the action and against the plaintiff. The basis of the application appears to be that the lower court proceeded to determine the motion for a new trial without having before it proper affidavits and in the absence of proper specifications of errors of law occurring at the trial, and with no specifications of the evidence claimed to be insufficient to justify the court's decision.

Assuming this to be the fact, we think the only result was an irregularity in the proceedings of the court which did not affect the jurisdiction conferred by section 657 et seq. of the Code of Civil Procedure to hear and determine the motion for a new trial. "The writ of *certiorari* is not available to attack mere error; it lies only where an inferior court or tribunal has acted without or in excess of its jurisdiction. (*Pacific Tel. & Tel. Co.* v. *Eshleman*, 166 Cal. 640, 694, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119].)" (See, also, secs. 1068 and 1074, Code Civ. Proc.)

The application for writ of review is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1921.

All the Justices concurred.